# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LA-RESA BLAS,

## DEFENDANTS

IMPERIAL SUITES, INC., d/b/a
IMPERIAL SUITES HOTEL and
BONG ROBATO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Guam, U.S.A.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Guam, U.S.A.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Gorman & Gavras
2nd Floor, J & R Building
208 Route 4, Hagatna, Guam 96910

ATTORNEYS (IF KNOWN)

**03-00027**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

cc 07/28/03

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

cc 07/28/03

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | cc 07/28/03 | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC Section 2000e et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ To be determined

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 7-15-03

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**RECEIVED**
JUL 25 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
LA-RESA BLAS



## IN THE UNITED STATES DISTRICT COURT

LA-RESA BLAS,

        Plaintiff,

vs.

IMPERIAL SUITES, INC,
d/b/a IMPERIAL SUITES HOTEL
and BONG ROBATO,

        **Defendants.**
_____/

CIVIL CASE NO. 03-00027

COMPLAINT TITLE VII
EMPLOYMENT; SEXUAL
BATTER AND/OR ASSAULT;
and DEMAND FOR JURY TRIAL

Comes Now Plaintiff, by and through counsel, and for her claims against Defendants states as follows:

### COUNT I – TITLE VII (SEXUAL HARASSMENT)

1.    This Court has jurisdiction of the Title VII claims herein pursuant to 28 U.S.C. §§1331 and 1343(4). This action arises under the Constitution and laws of the United States. Plaintiffs are alleging a violation of their rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§2000e et seq. This Court has jurisdiction over Plaintiff's claim for sexual battery and/or assault pursuant to its inherent power to adjudicate ancillary claims.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 USC §2000e-5(f)(3). Defendant IMPERIAL SUITES, INC., d/b/a IMPEERIAL SUITES HOTEL (hereinafter "IMPERIAL SUITES") is a corporate resident of Guam doing business therein, and the alleged unlawful employment practices were committed within this federal district.

3. At all times mentioned in this complaint, Defendant IMPERIAL SUITES was and is a corporation organized and existing under the laws of Guam, with its principal place of business in Guam.

4. At all times mentioned in this complaint, Defendant, BONG ROBATO (hereinafter "ROBATO"), was and is the agent, general manager and/or president of Defendant IMPERIAL SUITES and had full supervisory authority over Plaintiff and had the ability to fire, discipline, demote and grant raises for each Plaintiff.

5. At all times herein mentioned in this complaint, Plaintiff was a resident of Guam and was employed by Defendant IMPERIAL SUITES.

6. Plaintiff is female.

7. On or about April 30, 2002 Plaintiff filed an amended charge of discrimination, satisfying the requirements of 42 U.S.C. §20003-5(b) and (e) with the Equal Employment Opportunity Commission. Such charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred. Less than ninety (90) days prior to the filing of this complaint, the Equal Employment Opportunity Commission issued to the Plaintiff a Notice of Right to Sue with respect to such charges of discrimination. See attached Exhibit A.

8. On or about April 3, 2002, during her employment with Defendant IMPERIAL SUITES, Defendant ROBATO asked Plaintiff, Ms. Blas, to come into his office. He told Ms. Blas that she looked sweet when she smiled. Then, as Ms. Blas was leaving Defendant ROBATO's office, ROBATO intentionally pulled Ms. Blas' face to his and kissed her lips and squeezed her breasts; all of which was without her consent.

12. Employees of the opposite sex were not subjected to the harassment Plaintiffs were subjected to.

13. Plaintiff did not encourage, welcome, or consent to the harassment described herein.

14. The harassment described had a substantial detrimental effect on Plaintiff's employment.

15. Due to the harassment described, Plaintiff was forced to leave her employment because the harassment created such intolerable working conditions such that any reasonable person in the Plaintiff's position would have been compelled to leave their employment.

16. Defendant IMPERIAL SUITES had notice of the harassment described herein because such harassment was pervasive and obvious and/or was perpetrated by an individual of sufficient rank and position with the Defendant IMPERIAL SUITES as to impute liability to Defendant IMPERIAL SUITES.

17. Defendant IMPERIAL SUITES is liable for the relief claimed as it did not have a sexual harassment policy in place and did otherwise have corrective measures available which the Plaintiff could have availed herself.

18. The harassment was sufficiently severe or pervasive so as to alter the terms and conditions of the Plaintiff's employment and/or substantially affected Plaintiffs' employment by creating an intimidating, hostile or offensive work environment.

19. As the result of the aforementioned acts of harassment including the unwanted physical contact, Plaintiff suffered outrage, shock, humiliation and emotional trauma and injury which has been medically diagnosed and which was reasonably likely to occur based on the harassment experienced and accordingly Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

20. As a result of the aforementioned acts of harassment including the unwanted physical contact and the proximately caused termination of her employment, Plaintiff is entitled to back and future wages in an amount to be proven at trial.

21. As a result of the aforementioned acts of harassment including the unwanted physical contact, Plaintiff is entitled to punitive damages as the actions of the defendants were with malice and/or reckless disregard of federal statutory laws.

22. Plaintiff is entitled to her attorney's fees and costs.

### COUNT II – SEXUAL BATTERY AND/OR ASSAULT

23. Plaintiff incorporate by reference paragraphs 1 through 22, above.

24. The actions of Defendant ROBATO were

　　a. intentional;

　　b. perpetrated while Plaintiff was restrained;

　　c. against Plaintiff's will;

　　d. for the purpose of sexual arousal, sexual gratification or sexual abuse.

25. The actions of Defendant ROBATO were such as to place Plaintiff in apprehension of being unlawfully touched.

## COUNT III – NEGLIGENCE

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22, above.

24. Defendant IMPERIAL SUITES and its employees were negligent in their aforementioned conduct towards Plaintiff.

25. As a proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer from loss of past, present and future wages, loss of employment benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

26. As a further direct and proximate result of the negligence of the Defendant on the aforementioned date, Plaintiff has been damaged in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury of twelve (12).

## PRAYER

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against each Defendant and that the Plaintiff be awarded all relief available to her under the law and statute, including but not limited to back pay, compensatory damages, punitive

damages, front pay, reasonable attorney's fees and costs, and for such other and further relief as this Honorable Court deems just and proper.

Dated: July 15, 2003

GORMAN & GAVRAS

BY: William L. Gavras, Esq.
Attorneys for Plaintiff
La-Resa Blas

EEOC Form 161-A (3/98)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*


JUL 0 2 2003

| To: | La-Resa N. Blas<br>460 Ysengsong Road<br>Dededo, GU 96912 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2002-00225 | William Tamayo, Regional Attorney | (415) 356-5084 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may **not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Michael Baldonado, Acting Director

JUN 2 6 2003
*(Date Mailed)*

Enclosure(s)

cc: | Kazunari Watanabe<br>IMPERIAL SUITES, INC. DBA<br>P.O. Box 7448<br>Tamuning, GU 96931 | Alexander Gorman<br>118-A Chalan Santo Papa<br>Hagatna, GU 96910

# United States District Court

_____ DISTRICT OF _____

LA-RESA BLAS,
     Plaintiff,

**V.**

IMPERIAL SUITES, INC.
d/b/a IMPERIAL SUITES HOTEL
and BONG ROBATO,

    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **03-00027**

**TO:** (Name and address of defendant)

BONG ROBATO

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William L. Gavras, Esq.
Law Offices of Gorman & Gavras
208 Route 4
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT
By: _____
Date: 7/25/03

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK

JUL 25 2003

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF **Guam**

| | |
|---|---|
| LA-RESA BLAS,<br>    Plaintiff,<br>               V.<br>IMPERIAL SUITES, INC.<br>d/b/a IMPERIAL SUITES HOTEL<br>and BONG ROBATO,<br>   Defendants. | **SUMMONS IN A CIVIL CASE**<br><br>CASE NUMBER: **03-00027** |

**TO:** (Name and address of defendant)

    IMPERIAL SUITES, INC. d/b/a IMPERIAL SUITES HOTEL

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    William L. Gavras, Esq.
    Law Offices of Gorman & Gavras
    208 Route 4
    Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT

By: _____
Date: 07/28/03

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

JUL 25 2003

CLERK                                                 DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

Case 1:03-cv-00027   Document 1-2   Filed 07/25/2003   Page 10 of 10