**LAW OFFICES
CUNLIFFE & COOK**
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422



Attorneys for: Defendant *Bong Robato*

# IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| LA-RESA BLAS, | ) | CIVIL CASE NO. CV03-00027 |
| Plaintiff, | ) | |
| vs. | ) | **NOTICE OF MOTION AND MOTION TO STRIKE** |
| IMPERIAL SUITES, INC. d/b/a imperial Suites Hotel and BONG ROBATO, | ) | |
| Defendants. | ) | |

**TO:** **Plaintiff La-Resa Blas and her attorneys of record,**
*Law Offices of Gorman & Gavras*

**PLEASE TAKE NOTICE** that on _____ at _____ .m., or as soon thereafter as the matter may be heard, Defendant BONG ROBATO, through counsel, *Cunliffe & Cook*, A Professional Corporation, by F. Randall Cunliffe, Esq., and hereby moves this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an order striking certain pleadings as contained in Plaintiff's Complaint.

**ORIGINAL**

This Motion is based on the pleadings and record of the proceedings in this action, together with the Memorandum of Law submitted herewith, and such other evidence, whether oral or documentary, as may be presented at the time of hearing on the within motion.

Dated this 5 day of September, 2003.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant
*Francisco B. Crisostomo*

By_____
F. RANDALL CUNLIFFE, ESQ.

## MEMORANDUM OF LAW

Plaintiff herein has filed a lawsuit asserting federal jurisdiction pursuant to 48 U.S.C. §2000(e) for a violation of Equal Employment Opportunities. Plaintiff has then asserted ancillary claims for sexual battery and or assault, and a conglomerate of negligence claims which she wishes this court to assert jurisdiction over because of their relation to the original EEO Complaint.

As part of her pleadings in the federal cause of action, Plaintiff has pled for compensatory damages, punitive damages and has demanded a jury trial.

Plaintiff, in her first cause of action, has named and asked for compensatory damages for outraged, shock, humiliation and emotional trauma and injury in paragraph 19. Plaintiff has asked for back and future wages for what she asserts to be proximately caused termination of her employment in paragraph 20. In paragraph 21, Plaintiff seeks punitive damages for the actions of Defendants for malice and/or reckless disregard of federal statutory laws.

- 2 -

EEOC Title VII lawsuits are appropriate for wages, but claims for compensatory damages and punitive damages in a Title VII Complaint are inappropriate. <u>Van Hoomissen v. Xerox Corporation</u>, 368 F.Supp. 829 (1973, ND Cal.); <u>Padway v. Palches</u>, 665 F.2d 965 (1982, Ct. App. 9th Cir., Calif). The Supreme Court of the United States recognized the general concept that punitive damages are not available under Title VII in <u>Johnson v. Railway Express Agency, Inc.</u>, 421 U.S. 454, 44 L.Ed.2d 295, 95 S.Ct. 1716 (1975).

Plaintiff also demanded a jury trial. The courts are in agreement that Title VII claims do not warrant a jury trial. <u>Slurk v. Hanens</u>, 522 F.2d 1091 (9th Cir. 1975).

Rule 12(f) of the Federal Rules of Civil Procedure provide that a motion to strike may be filed and the court may order stricken from any pleading any immaterial matter. As the courts have clearly stated that compensatory and punitive damages are not appropriate in Title VII Claims, and that Title VII does not permit jury trial, the court should strike from Plaintiff's Complaint the compensatory and punitive damage claims under the Title VII Complaint as well as demand for jury trial.

## CONCLUSION

For the foregoing reasons, the claims for compensatory and punitive damages in Count I of Plaintiff's Complaint must be stricken along with the demand for jury trial.

Respectfully submitted this ___5___ day of September, 2003.

> **CUNLIFFE & COOK**
> A Professional Corporation
> Attorneys for Defendant
> *Bong Robato*
>
> By_____
> F. RANDALL CUNLIFFE, ESQ.