**LAW OFFICES
CUNLIFFE & COOK**
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Defendant *Bong Robato*



# IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| LA-RESA BLAS, | ) | CIVIL CASE NO. CV03-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF MOTION AND** |
| vs. | ) | **MOTION TO DISMISS FOR** |
| | ) | **FAILURE TO STATE A CLAIM** |
| IMPERIAL SUITES, INC. | ) | **UPON WHICH RELIEF CAN BE** |
| d/b/a imperial Suites Hotel | ) | **GRANTED PURSUANT TO RULE** |
| and BONG ROBATO, | ) | **12(b)(6) OF THE FEDERAL** |
| | ) | **RULES OF CIVIL PROCEDURE** |
| Defendants. | ) | |
| | ) | **[ORAL ARGUMENT REQUESTED]** |

**TO:** **Plaintiff La-Resa Blas and her attorneys of record,
LAW OFFICES OF GORMAN & GAVRAS**

**PLEASE TAKE NOTICE** that on **Friday, October 24, 2003 at 10:00 a.m.**, or as soon thereafter as the matter may be heard, Defendant BONG ROBATO, through counsel, Cunliffe & Cook, A Professional Corporation, by F. Randall Cunliffe, Esq., and hereby moves this Court for an order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ORIGINAL**

This Motion is based on the pleadings and record of the proceedings in this action, together with the Memorandum of Law submitted herewith, and such other evidence, whether oral or documentary, as may be presented at the time of hearing on the within motion.

Dated this 6 day of October, 2003.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant

By /s/ F. Randall Cunliffe
F. RANDALL CUNLIFFE, ESQ.

## MEMORANDUM OF LAW

Plaintiff has filed a lawsuit herein wherein Count I alleges a violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e) et seq.

Rule 12(b)(6) provides for the filing of a motion to dismiss allegations for failure to state a claim upon which relief can be granted. The Supreme Court has held that if it is clear as a matter of law that no relief may be granted under any set of facts that could be proven consistent with the allegations, the claims must be dismissed. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Defendant ROBATO believes that Plaintiff cannot recover, as a matter of law, against him as pled as is set forth herein, and therefore moves the court for a dismissal.

In paragraph 21 of the Complaint, Plaintiff asserts that she is entitled to punitive damages against Defendants. In the prayer, Plaintiff again seeks judgment against each Defendant to include back pay, compensatory damages, punitive damages, front pay, reasonable attorney's fees and costs.

Paragraph 2 is a cause of action against Defendant ROBATO for sexual battery and/or assault. Count III is a claim of negligence apparently only against Defendant IMPERIAL SUITES, but it could be interpreted to be an attempt to also get a judgment against Defendant ROBATO, and in that case, Defendant ROBATO moves for dismissal of that cause of action, as to him, as well.

42 U.S.C. §2000(e) et seq. initially only provided for equitable damages such as back pay and reimbursement. Pursuant to the Civil Rights Act of 1991 §102, Congress enacted 42 U.S.C. §1981a which permitted punitive and compensatory damages to be recovered under certain circumstances. Since the inception of 42 U.S.C. §1981a, there has been significant litigation on the issue of personal liability for officers, supervisors and managers of the corporation.

Prior to the enactment of 42 U.S.C. §1981a, the Ninth Circuit had held that under Title VII of the Civil Rights Act, 42 U.S.C. §2000(e) et seq., there is no civil liability for individual agents. <u>Miller v. Maxwells International</u>, 991 F.2d 583, (9th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1109, 127 L.Ed.2d. 372, 114 S.Ct. 1049 (1994); Motion granted, re hearing denied, 511 U.S. 1048, 128 L.Ed.2d 226, 114 S.Ct. 1585 (1994).

Following the enactment of 42 U.S.C. §1981a, the issue of the applicability of that statute to individuals was addressed in <u>Sattar v. Unocal Corp.</u>, 829 F.Supp. 331 (N.D. Cal., 1993). That court, in reliance on previous Ninth Circuit cases including <u>Padway v. Palches</u>, 665 F.2d 9 65 (9th Cir. 1982) held that the only time an "agent" could be sued under Title VII §1981a was for injunctive relief against the individual employee or when the "agent" of the employer is itself an entity and not an individual. The finding in <u>Sattar</u>, <u>supra</u>, was followed in <u>Carmen v. San Francisco Unified School District</u>, 982 F.Supp. 1396 at 1407 (N.D. Cal., 1997).

Indeed, the majority of federal courts that have addressed the issue have held that individuals cannot be held liable for under 42 U.S.C. §2000(e) et seq. or 42 U.S.C. §1981a and those statutes are only applicable to employers.

As the court should dismiss Count I as against Defendant ROBATO as having failed to state a cause of action upon which relief can be granted, the court should also dismiss Counts II and III, as they apply to Defendant ROBATO as ancillary claims. Clearly, to bring in claims which are against one who is not a party to the federal claims would be an inappropriate exercise of the court's ancillary jurisdiction and this court should grant Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant BONG ROBATO respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this __7__ day of October, 2003.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant
*Bong Robato*

By_____
F. RANDALL CUNLIFFE, ESQ.

## CERTIFICATE OF SERVICE

I, **F. RANDALL CUNLIFFE**, do hereby certify that on the ___7___ day of October, 2003, I caused to have a copy of the *Notice of Motion and Motion to Dismiss For Failure to State A Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* to be served upon Plaintiff herein, by delivering and leaving a copy of same at the offices of her attorneys of record, as follows:

> William L. Gavras, Esq.
> **GORMAN & GAVRAS**
> A Professional Corporation
> Second Floor, J & R Building
> 208 Route 4
> Hagåtña, Guam 96910

Dated this ___7___ day of October, 2003.

> **CUNLIFFE & COOK**
> A Professional Corporation
> Attorneys for Defendant
>   *Bong Robato*
>
> By_____
>    F. RANDALL CUNLIFFE, ESQ.