

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LA-RESA BLAS,<br><br>    Plaintiff,<br><br>vs.<br><br>IMPERIAL SUITES, INC., et al.,<br><br>    Defendants. | Civil Case No. CV03-00027<br><br>ORDER |

This case is before the Court on the defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the pleadings submitted, the Court hereby issues the following decision.

**FACTS**

This is an action against Imperial Suites, Inc. and Bong Robato (managerial employee or president of Imperial Suites) alleging claims of sexual harassment, sexual battery and negligence. The Complaint alleges that while plaintiff was employed at the Imperial Suites, her supervisor Mr. Robato made sexual advances towards her. Due to the harassment, the plaintiff states that she was forced to leave her employment because the harassment created such intolerable working conditions.

///

///

**ORIGINAL**

## DISCUSSION

The defendant, Bong Robato requests this Court to dismiss the action as to him pursuant to Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. The defendant claims that the plaintiff cannot recover, as a matter of law, against him as pled by the plaintiff. The defendant asserts that there is no civil liability for individual agents. See Miller v. Maxwells International, 991 F.2d 583 (9th Cir. 1993), cert. denied, 510 U.S. 1109, 127 L.Ed. 372 (1994).

The Court is asked to determine whether an individual may be liable under Title VII. Title VII prohibits "an employer to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000(e) et. seq. "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000(e) (b). This Court has noted that most jurisdictions hold that there is no imposition of individual liability on those employees of the employer entity who act in a supervisory capacity as they are not the employer as defined.

In fact, of the eleven circuits that have addressed the question, ten have rejected the imposition of individual liability under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2nd Cir. 1995) (individual supervisors exercising control over a plaintiff are not personally liable under Title VII); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3rd Cir. 1996) cert. denied, 138 L. Ed. 2d 1031, 117 S. Ct. 2532 (1997) (holding that Congress did not intend to hold individual employees liable under Title VII); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994) cert. denied, 513 U.S. 1015, 130 L. Ed. 2d 491, 115 S. Ct. 574 (1994) (no individual liability unless individual defendant meets Title VII's definition of "employer"); Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997) (individual employee and/or supervisor who is not otherwise an employer cannot be held personally liable under Title VII); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (no individual liability under Title VII); Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 1997 U.S. App. LEXIS 21512, (8th Cir. 1995)(supervisors may not be held individually liable under Title VII); Miller v. Maxwell's Int'l.

Inc., 991 F.2d 583, 588 (9th Cir. 1993) *cert. denied*, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed. 2d 372 (1994) (holding that individuals cannot be held liable for damages under Title VII); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) (reaffirming Sauers v. Salt Lake County, 1 F.3d 1122 (10th Cir. 1993), court holds that Title VII "liability is appropriately borne by employers, not individual supervisors"); Smith v. Lomax, 45 F.3d 402, 403-404, n.4 (11th Cir. 1995) (no individual liability under Title VII); Gary v. Long, 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.) cert. denied, 516 U.S. 1011, 116 S. Ct. 569, 133 L. Ed. 2d 493 (1995) (individual supervisors are not personally liable under Title VII).

In Miller, the majority stated that since "Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." 991 F.2d at 587. Accordingly, the Court held there was no individual liability under Title VII. This Court is bound to follow the Ninth's Circuit's ruling and therefore finds that this matter must be dismissed as to the defendant, Mr. Robato. Moreover, the Court notes that the plaintiff has filed a non-opposition. With the federal claims against Mr. Robato now dismissed, the court declines to extend its ancillary jurisdiction over the state law claim against him. Therefore, this claim is likewise dismissed as to Mr. Robato.

## CONCLUSION

The Court finds that the plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court hereby orders that the Complaint filed against the Mr. Robato be dismissed with prejudice, with the exception that Count II of the Complaint be dismissed without prejudice.

SO ORDERED this 7th day of November, 2003.

Notice is hereby given that this document was entered on the docket on 11/7/03. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 11/7/03
Deputy Clerk    Date

JOHN S. UNPINGCO
District Judge