KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By JEHAN'AD. G. MARTINEZ

Attorneys for *Defendant Imperial Suites, Inc.*



DISTRICT COURT OF GUAM

MAR 22 2005

MARY L.M. MORAN
CLERK OF COURT



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LA-RESA BLAS, | CIVIL CASE NO. CV03-00027 |
| Plaintiff, | |
| vs. | |
| IMPERIAL SUITES, INC., d/b/a IMPERIAL SUITES HOTEL and BONG ROBATO, | **DEFENDANT'S TRIAL BRIEF** |
| Defendants. | |

**COMES NOW** Defendant **IMPERIAL SUITES, INC.** (hereinafter "Imperial") and pursuant to Local Rule of Practice for the District Court of Guam LR16.7, herein files its Trial Brief.

### FACTUAL CONTENTIONS

This case arises out of alleged sexual harassment by an Imperial supervisor, which resulted in a substantial, detrimental effect on Plaintiff's employment, such that it "created such intolerable working conditions" as to "force" Plaintiff to leave her employment." As a result, Plaintiff filed an EEOC complaint, which failed to resolve the dispute, and which ultimately resulting in the instant lawsuit. Plaintiff's lawsuit was

originally brought against Imperial Suites Inc. dba Imperial Suites Hotel and Bong Robato. The Court dismissed Bong Robato on his motion to dismiss and Imperial continues to defend against the remaining allegations.

Imperial intends to demonstrate that it had no notice of any sexual harassment by Bong Robato prior to Plaintiff's allegations on April 3, 2002. It will also demonstrate that Plaintiff's facts are untrue, that she was employed for seven days, and that she her actions have been invented to retaliate against Imperial and Bong Robato, because she was fired for poor job performance, wearing inappropriate clothing, and poor punctuality.

### ISSUES OF LAW

For Plaintiff to prevail on her hostile work environment harassment claim against Imperial she must prove (1) a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment,.." Elvig v. Calvin Presbyterian Church, 375 F.3d 951 , 959 (9th Cir. 2004)(*citing* Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir. 1998)), (2) that was both subjectively and objectively abusive, Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.1995) (citation omitted), and (3) that Imperial ratified or knew or should have known about and in response to which it failed to take appropriate action, Swenson v. Potter, 271 F.3d 1184, 1192 (9th Cir.2001).

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

Mr. Robato is no longer a party to the lawsuit. Therefore, Plaintiff is attempting to impose liability on Imperial for Mr. Robato's alleged conduct. The Supreme Court has outlined a framework for determining an employer's liability after the Plaintiff has proven she has been subjected to a hostile environment. "Within this framework, there are two, alternative theories under which a plaintiff may establish an employer's vicarious liability for sexual harassment. First, an employer is vicariously liable for a hostile environment that "'culminates in a tangible employment action.'" Elvig, 375 at 959 (citing others).

In this case, the Plaintiff claims to have been sexually assaulted when her supervisor kissed her and touched her breast. She then claims to have run out of his office crying, whereupon she filed criminal charges against the supervisor, and never attempted to return to Imperial. Assuming, for argument sake only, that these facts are true, there was no tangible employment action taken by Imperial.

A tangible employment action is defined to be "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Elvig, 375 F.3d at 960-61 (citing others). No such action occurred here.

Since no "tangible employment action" has been taken, Imperial may raise an affirmative defense by demonstrating: (1) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Imperial or to avoid harm otherwise. "Whether the employer has a stated antiharassment policy is relevant to the first element of the defense. And an employee's failure to use a complaint procedure provided by the employer "will normally suffice to satisfy the employer's burden under the second element of the defense." Elvig, 375 F.3d at 959 (citing Nichols v. Azteca Rest. Enters., 256 F.3d 864, 877 (9th Cir.2001)). "Moreover, even if a tangible employment action occurred, an employer may still assert the affirmative defense if the tangible employment action "was unrelated to any harassment or complaint thereof." Id.

Here, an antiharassment policy existed and even under Plaintiff 's version of the facts, she did not attempt to address her grievances with the Imperial Hotel manager, Loli Robato. Furthermore, prior to the incident, Imperial had no notice of such conduct to give rise to liability.

Finally, absent evidence sufficient to show that Imperial had notice, before the April 3, 2002, incident, of a hostile work environment and that it failed to respond, Imperial can not be

liable. Absent both (a) notice of actionable sexual harassment to and (b) deficient response by the employer, an employer is not liable for harassment by a coworker of the plaintiff. *See* Swenson, 271 F.3d at 1191-92 (*citing* Burlington Indus. v. Ellerth, 524 U.S. 742, 759 (1998)).

**EVIDENTIARY PROBLEMS**

Imperial's Hotel Manager, Lolita Robato, died last week. The supervisor alleged to have perpetrated the sexual harassment, Bong Robato, suffers from lapses in lucidity brought on by a stroke in 2002. Furthermore, Imperial is not a going concern. As a consequence of these facts, presentation and admission of evidence will come with challenges too numerous to articulate.

**ABANDONMENT OF ISSUES**

Although not specifically an abandonment issue, the dismissal of Bong Robato as a Defendant, should result in the striking of Count II of the Complaint and all damages associated therewith.

**RESPECTFULLY SUBMITTED** this 22nd day of March, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: _____
JEHAN'AD G. MARTINEZ
*Attorneys for Defendant Imperial Suites, Inc.*

A62\09823-232
G:\WORD97\OFFICE\WORDDOC\CKI\PLD\1053-TRIAL BRIEF
RE BLAS V IMPERIAL SUITES ET AL.DOC