William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
LA-RESA BLAS



FILED
DISTRICT COURT OF GUAM
MAR 23 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| LA-RESA BLAS, | CIVIL CASE NO. 03-00027 |
| Plaintiff, | |
| vs. | MOTION FOR EXTENSION OF DEADLINES IN |
| IMPERIAL SUITES, INC, d/b/a IMPERIAL SUITES HOTEL. | SCHEDULING ORDER |
| Defendant. | |

Comes Now the parties and pursuant to Local Rule 16.5 (Extension of Deadlines Fixed in Scheduling Order) state as follows:

1. Bong Robato the person alleged in Plaintiff's Complaint to have committed the acts giving rise to Plaintiff's cause of action has been ill, suffering from what is believed to be Alzheimer's disease. Bong Robato is also the president and/or defacto head of Defendant IMERIAL SUITES, INC.

2. The Defendant IMEPRIAL SUITES, INC., operating through the Imperial Suites Hotel is essentially defunct an no longer in operation.

3. Though discovery was propounded on Defendant defense counsel was unable to respond due to the physical health of Mr. Robato and the difficulty in obtaining records from the defunct company.

4. Defense counsel was finally able to respond to discovery propounded early this month.

5. Based on the answers received, Plaintiff is forced to conduct further discovery in order to establish certain facts which are a prerequisite to her ability to sustain her burden at trial. Additionally, the chief operating officer of the Defendant has recently died causing forcing the use of other routes to obtain needed information.

6. The remaining discovery which needs to be conducted on the following dates and times if not before:

    A. Additional request for production propounded by plaintiff no later than March 28, 2005.

    B. Deposition of Records Keeper of Defendant – May 5, 2005, 10:00 a.m.; Law Offices of Gorman & Gavras.

    C. Deposition of Bong Robato – May 11, 2005, 10:00 a.m.; Law Offices of Gorman & Gavras or any location within Guam requested by Bong Robato due to his illness.

    D. Deposition of various Government Guam agencies – May 27, 2005; 10:00 a.m.; Law office of Gorman & Gavras.

    E. Deposition of Plaintiff – May 27, 2005, following deposition of various Government Guam agencies.

    F. The parties further agree that any answers received in the discovery process may result in additional discovery, however, no discovery is to be conducted after May 27, 2005.

7. Attached hereto is a Scheduling Order.

WHEREFORE PLAINTIFF prays that this Court adopt new scheduling order proposed.

Respectfully submitted,

LAW OFFICES OF GORMAN & GAVRAS

Date: March 23, 2005.          By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiff
LA-RESA BLAS

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
LA-RESA BLAS

IN THE UNITED STATES DISTRICT COURT

LA-RESA BLAS,            CIVIL CASE NO. 03-00027

    Plaintiff,

vs.            SCHEDULING ORDER

IMPERIAL SUITES, INC,
d/b/a IMPERIAL SUITES HOTEL,

    Defendant.
_____/

## SCHEDULING ORDER

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Rule 16.1 of the Local Rules of Practice for the District Court of Guam, the parties hereby submit the following Scheduling Order:

1. The nature of the case is as follows:

   Title VII Employment, Sexual Battery and/or Assault.

2. The posture of the case is as follows:

   a) The following motions are on file (pending):

   None.

   b) The following formal discovery has been initiated:

Discovery has been conducted.

3. All Motions to add parties and claims shall be filed on or before:

   No parties or claims shall be added.

4. No Motions to amend pleadings shall be filed.

5. Status of Discovery:

   The Discovery Plan (filed concurrently herewith) is adopted and incorporated as part of this Scheduling Order.

6. The parties shall appear before the District Court on _____ at \_\_\_\_\_ for the Scheduling Conference.

7. The discovery cut-off date (defined as the last day to file responses to discovery) is: May 27, 2005.

8. a) The anticipated discovery motions are:

      None.

   b) All discovery motions shall be filed on or before May 30, 2005. These motions will be heard on or before _____.

   The remaining discovery which needs to be conducted on the following dates and times if not before:

   A. Additional request for production propounded by plaintiff no later than March 28, 2005.

    B. Deposition of Records Keeper of Defendant – May 5, 2005, 10:00 a.m.; Law Offices of Gorman & Gavras.

    C. Deposition of Bong Robato – May 11, 2005, 10:00 a.m.; Law Offices of Gorman & Gavras or any location within Guam requested by Bong Robato due to his illness.

    D. Deposition of various Government Guam agencies – May 27, 2005; 10:00 a.m.; Law office of Gorman & Gavras.

    E. Deposition of Plaintiff – May 27, 2005, following deposition of various Government Guam agencies.

    F. The parties further agree that any answers received in the discovery process may result in additional discovery, however, no discovery is to be conducted after May 27, 2005.

    c) No dispositive motions will be filed.

9. The prospects for settlement are slim.

10. The Preliminary Pretrial Conference shall be held on _____ at \_\_\_\_\_ \_\_\_.m. (no later than 21 days to trial date).

11. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before _____ (no later than 14 days prior to Trial).

12. The Proposed Pretrial Order shall be filed on or before _____ (no later than 14 days prior to Trial).

La-Resa Blas v. Imperial Suites, Inc, dba Imperial Suites Hotel,
Civil Case No. 03-00027
Scheduling Order
March 2005.

13. The Final Pretrial Conference shall be held on _____ at _____ \_\_.m. (no later than 7 days prior to Trial).

14. The Trial shall be held on _____ at _____ \_\_.m.

15. The Plaintiff seeks a jury trial.

16. It is anticipated that it will take two to three (2-3) days to try this case.

17. The names of counsel on this case are:

    William L. Gavras, Esq. for Plaintiff La-Resa Blas

    Jehan'Ad G. Martinez, Esq. for Imperial Suites, Inc. dba Imperial Suites Hotel

18. The Parties are amenable to submitting this case to a settlement conference.

19. The parties present the following suggestions for shortening trial:

    None at this time.

20. The following issues will affect the status or management of the case:

    Unknown at this time

Dated: _____  _____

Chief District Judge

<u>La-Resa Blas v. Imperial Suites, Inc, dba Imperial Suites Hotel,</u>
Civil Case No. 03-00027
Scheduling Order
March 2005.


**APPROVED AS TO FORM AND CONTENT:**

                                      LAW OFFICES OF GORMAN & GAVRAS

Date: March 23, 2005.      BY: _____
                                      WILLIAM L. GAVRAS, ESQ.
                                      Attorneys for Plaintiff
                                      LA-RESA BLAS


**CERTIFICATE OF SERVICE**

I certify that I will cause to be served upon Jehan'ad G. Martinez, Esq. of Klemm, Blair, Sterling & Joohnson, P.C., a true and correct copy of this document on or before March 23, 2005.

                                      LAW OFFICES OF GORMAN & GAVRAS

                              BY: _____
                                    WILLIAM L. GAVRAS, ESQ.
                                    Attorneys for Plaintiff
                                    LA-RESA BLAS