William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
LA-RESA BLAS

FILED
DISTRICT COURT OF GUAM
AUG - 4 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| LA-RESA BLAS, | CIVIL CASE NO. 03-00027 |
| Plaintiff, | |
| vs. | PLAINTIFF's TRIAL BRIEF |
| IMPERIAL SUITES, INC, d/b/a IMPERIAL SUITES HOTEL and BONG ROBATO, | |
| Defendants. | |

## TRIAL BRIEF

COMES NOW, Plaintiff La RESA BLAS, by and through her attorneys of record, and respectfully submits her Trial Brief as follows:

### MEMORANDUM

### FACTS

Plaintiff was an employee of the Defendant from late March 2002 to April 3, 2002. She was employed as a Secretary. She reported directly to the President of the Defendant IMPERIAL SUITES HOTEL, Mr. Bong Robato.

### Sexual Harassment

On or about April 3, 2002, during her employment with Defendant IMPERIAL SUITES HOTEL, Mr. Bong Robato asked Plaintiff Blas to come into his office. He told Ms. Blas that she looked sweet when she smiled. Then, as Ms. Blas was leaving Mr. Bong Robato's office, Robato intentionally pulled Ms. Blas' face to his and kissed her lips and squeezed her breasts; all of which was without her consent. Plaintiff then ran out of the office and out of the hotel. She went straight to the Guam Police Department and made a criminal complaint against Mr. Bong Robato. Plaintiff did not return to work after the sexual assault by the company president, as she was constructively terminated.

**LAW**

42 U.S.C. Section 2000(e) et seq. provides that a person has a constitutionally protected right to be free from sex discrimination and sexual harassment in the workplace.

**Sexual Harassment.**

Under the facts of this case, the Plaintiff was subjected to sexual harassment. Sexual harassment occurs in this instance when an employer subjects an employee to sexual innuendoes, remarks, and physical acts so offensive as "to alter the conditions of the employee's employment and create an abusive work environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). Furthermore, the Plaintiff, by her actions of immediately making a police complaint against her supervisor, clearly

indicated that the sexual advances made against her were unwelcome. *Please see* Meritor Savings Bank v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399 (1986).

Moreover, the US Supreme Court enunciated the following rule for sexual harassment: if the plaintiff was sexually harassed by his or her supervisor and that harassment resulted in a tangible employment action, then the defendant is liable for the harassment. *Please see* Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2292-93 (1998); and Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257, 2265 (1998). This is true regardless of the existence of a policy against sexual harassment, any remedial actions taken by the employer, the number of complaints made by the employee, and the severity of the harassment. Faragher and Burlington. Plaintiff clearly suffered a tangible employment action as a result of the constructive termination. Because her direct supervisor the company president committed the sexual assault upon her, Plaintiff had no other recourse but to stay away from work, there being no reasonable hope of intermediate measures of correction by the company.

**Failure to Prevent Sexual Harassment.**

Defendant Sherwood violated 42 U.S.C. Section 2000(e) et seq. by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring, i.e., the violation of Plaintiff's federally protected civil rights. This conduct

was negligent and the cause of action is grounded in negligence. Notice pleading is all that is required to allege negligence.

**DAMAGES**

Plaintiff is entitled to compensatory damages for past and future pecuniary losses such as lost wages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses pursuant to 42 U.S.C. § 1981a(b)(3). Compensatory damages under the statute definition do not include any award of back pay or interest on back pay pursuant to 42 U.S.C. § 1981a(b)(2) which Plaintiff is also entitle to recover, as well as any attorney fees and costs awarded pursuant to 42 U.S.C. § 2000e-5(k), *see infra*.

Moreover, punitive damages in Title VII actions are allowed pursuant to 42 U.S.C. § 1981a(b)(1). *Please see* Kolstad v. American Dental Association, 527 U.S. 526 (1999).

> Sec. 1981a. - Damages in cases of intentional discrimination in employment
>
> ....
> (b) Compensatory and punitive damages
>
> (1) Determination of punitive damages
>
> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

The Kolstad court explained that the terms "malice" and "reckless" ultimately focus on the actor's state of mind as same pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination. at 535. To be liable for punitive damages, the employer must at least discriminate in the face of a perceived risk that its actions will violate federal law. Id. at 536. The Kolstad court held that a plaintiff is not required to show egregious or "outrageous" discrimination independent of the employer's state of mind. at 546. The decision distinguishes the statutory standard for punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) as considerably lower than what is traditionally required to recover punitive damages at common law.

## EVIDENTIARY PROBLEMS

Plaintiff does not foresee any evidentiary problems at this time, but reserves the right to make objections to evidentiary problems at a future date, if and when any evidentiary problems become known.

## ATTORNEY FEES

Under Title VI, attorney fees and costs are recoverable to the prevailing party pursuant to 42 U.S.C. § 2000e-5(k). Even an award of nominal damages can entitle a plaintiff to an award of attorney fees and costs. *Please see* Farrar v. Hobby, 506 U.S. 103 (1993); Brandau v. State of Kansas, 168 F.3d 1179 (10th Cir. 1999). Moreover, while 42 U.S.C. § 2000e-5(k) is a fee shifting statute, it usually only shifts in the

direction of a prevailing plaintiff [EEOC v. Christianburg Garment Co., 434 U.S. 412 (1978); Newman v. Piggie Park Enterprises, Inc., 390 .S. 400 (1968)] absent a frivolous complaint brought in bad faith or otherwise brought without legal foundation to annoy and harass the defendant [Roadway Express v. Piper, 447 U.S. 752, 100 S.Ct. 2455 (1980)].

## ABANDONMENT OF ISSUES

Plaintiff has abandoned no issues at this time.

## CONCLUSION

Based on all of the foregoing, Plaintiff is seeking and is entitled to all relief demanded in the Complaint based on both causes of action contained therein.

## CERTIFICATE OF SERVICE

I certify that I will cause to be served upon KLEMM, BLAIR, STERLING & JOHNSON, a true and correct copy of this document on or before August 4, 2005.

Respectfully submitted,

LAW OFFICES OF GORMAN & GAVRAS

Date: August 3, 2005.   For By: /s/ A. A_____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiff
LA-RESA BLAS